UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Buomkuoth Gatluak Puot Well, | Case No. 22-CV-0507 (DSD/HB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| State of Minnesota; Fifth Judicial District; Christopher Rovney; Jennifer Clements; Breck Rolfsrud; Jill Baker; and Elizabeth Levine, | |
| Defendants. | |

Plaintiff Buomkuoth Gatluak Puot Well was convicted of first-degree criminal sexual conduct in state court. *See State v. Well*, A20-0858, 2021 WL 2070526, at *1 (Minn. Ct. App. May 24, 2021). In this civil action, Well requests both that the conviction be vacated and that he be awarded monetary compensation for injuries suffered while in prison. The group of claims attacking Well's conviction is not properly raised in this proceeding, while the second group of claims attacking the conditions of Well's confinement has not been adequately pleaded. Accordingly, it is recommended that this matter be dismissed without prejudice pursuant to 28 U.S.C. § 1915A.[1]

---

[1] Because Well is a prisoner, he would ordinarily be required to pay an initial partial filing fee before proceeding with this civil action. *See* 28 U.S.C. § 1915(b). The financial documentation submitted by Well, however, makes clear that he has no assets and no means by which to pay an initial partial filing fee. *See* IFP Application at 6 [ECF No. 2]. That obligation will therefore be waived. *See* 28 U.S.C. § 1915(b)(4),

1

Under § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint —
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915(b). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

As mentioned above, Well's complaint can be divided into two categories of claims. First, Well seeks to present several challenges to the legality of his state-court

2

conviction. *See* Compl. at 5 [ECF No. 1]. The overwhelming majority of the pleading consists of an attack on the performance of the trial court and the attorneys involved in the prosecution, and each of the defendants appears to be related to the criminal proceedings rather than Well's subsequent incarceration.[2] Second, Well suggests that the conditions of his confinement following his conviction have also been unlawful; for example, Well alleges that he has not received "proper medical attention" for injuries that he has incurred. *Id.* at 7.

The first group of claims is squarely barred by the doctrine set forth in *Heck v. Humphrey*, which provides that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [42 U.S.C.] § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. 477, 486-87 (1994) (footnote omitted). Cases subsequent to *Heck* make clear that litigants are barred from raising in federal court outside of habeas litigation any claim that necessarily implies the invalidity of the litigant's facially valid conviction or sentence, regardless of the remedy sought. *See, e.g.*, *Sheldon v. Hundley*, 83 F.3d 231,

---

[2] Well does not specify how any of the defendants relate to the claims presented in his pleading — put another way, none of Well's allegations are tied to a specific defendant (or defendants). That said, defendant Jennifer Clements is listed as the prosecutor on the electronic docket for Well's criminal proceedings, and each of the individual defendants is listed by Well as having the same municipal address as Clements, *see* Compl. at 2-3.

3

233 (8th Cir. 1996). This lawsuit is simply not an appropriate procedural vehicle through which to challenge the legality of Well's conviction.

Had Well simply mislabeled his pleading as a complaint rather than a habeas petition, the Court would (if Well consented) reconstrue the pleading as a habeas petition and proceed accordingly. *See Spencer v. Haynes*, 774 F.3d 467, 471 (8th Cir. 2014). Even if the pleading were to be reconstrued, however, dismissal of the habeas claims would be appropriate. Some of the claims raised by Well in his complaint, such as his allegation that his trial attorney "was absent at a critical time in [his] case," Compl. at 5, were not fairly presented to the state appellate courts, *see Well*, 2021 WL 2070526, at *1-4, making his pleading (if reconstrued as a habeas petition) a "mixed" petition of both exhausted and unexhausted claims, *see Rose v. Lundy*, 455 U.S. 509, 510 (1982). Dismissal without prejudice of the petition would therefore be warranted even if the pleading were reconstrued. "Because a rule requiring exhaustion of all claims furthers the purposes underlying the habeas statute . . . a district court must dismiss such 'mixed petitions,' leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Id*. The substance of Well's pleading, not merely the label attached, necessitates dismissal of the habeas claims.

That said, not all of Well's complaint is barred by *Heck*. Regardless of whether Well's conviction was lawful, he is entitled to constitutionally adequate conditions of confinement, and a claim that Well has not been afforded adequate conditions of confinement thus would not necessarily imply the invalidity of his conviction.

4

Nevertheless, to the extent that Well seeks to present conditions-of-confinement claims in this proceeding, those claims also must be dismissed without prejudice. As an initial matter, any such conditions-of-confinement claims that Well might be trying to raise are badly underpleaded. For example, Well alleges that he was both sexually and physically assaulted and that he suffered "a broken leg and fractured hand," Compl. at 6, but nothing concerning the events surrounding those injuries is alleged in the complaint. Accordingly, it is unclear whether Well is claiming that state officials failed to protect him from harm, have been deliberately indifferent to his medical needs, both, or neither.

And even if Well had pleaded non-conclusory factual allegations that, if proved true, would establish that *someone* violated his constitutional rights while he has been in prison, he has not alleged facts showing that the *defendants* violated his constitutional rights while he has been in prison.[3] *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."). Each of the defendants named to this action appears to have been involved only in the underlying criminal proceedings. At a minimum, Well has not adequately alleged how any of the defendants are responsible for the conditions at the facility where he is confined. Accordingly, this Court cannot find that Well has established, even if his allegations are accepted as true, that the defendants can be made liable for the conditions at the prison. *See* 28 U.S.C. § 1915A(b).

---

[3] Additionally, the State of Minnesota cannot be sued under § 1983. *See, e.g.*, *Murphy v. State of Arkansas*, 127 F.3d 750, 755 (8th Cir. 1997).

Accordingly, it is recommended that this matter be dismissed without prejudice pursuant to § 1915A.  A dismissal without prejudice would not preclude Well from seeking relief in the future either on his habeas claims or on his claims that prison conditions have been inadequate.  Well, though, is cautioned that should he again seek relief on both types of claims in federal court, he must do so in separate actions, with the claims attacking the legality of the conviction separated from the claims attacking the legality of the conditions of confinement.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1.  This matter be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A.

2.  The application to proceed *in forma pauperis* of plaintiff Buomkuoth Gatluak Puot Well [ECF No. 2] be DENIED.

Dated: March 8, 2022                    s/*Hildy Bowbeer*_____
                                        HILDY BOWBEER
                                        United States Magistrate Judge

## **NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those

objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).